# COMPLAINT FOR COPYRIGHT INFRINGEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JUSTIN GOLDMAN,
Plaintiff,

v.

NEW 11 LLC, and
JOHN DOES 1–10,
Defendants.

Case No. _____

COMPLAINT FOR COPYRIGHT INFRINGEMENT
DEMAND FOR JURY TRIAL

Plaintiff Justin Goldman ("Plaintiff"), alleges as follows:

NATURE OF THE ACTION

1. This is an action for willful copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 101 et seq., arising from Defendants' unauthorized exploitation, distribution, reproduction, licensing, monetization, adaptation, public performance, and commercial release of the musical work and sound recording entitled "I Love Freaks," including all remixes, edits, sped-up versions, slowed versions, alternate versions, derivative works, and related exploitations thereof (collectively, the "Infringing Works").

2. Plaintiff is the lawful owner of the United States copyright in "I Love Freaks" by written transfer from Denis Smirnov. The United States Copyright Office registration identifies transfer ownership rights conveyed by written agreement.

3. Defendants knowingly and intentionally exploited the copyrighted work without authorization, without obtaining clearance, and without compensating Plaintiff despite

actual knowledge that producer rights and copyrights must be cleared before commercial release and exploitation.

4. Defendants continued exploiting the Infringing Works after notice and failed to resolve the infringement, rendering their conduct willful under 17 U.S.C. § 504(c)(2).

5. Upon information and belief, the Infringing Works have generated in excess of 150 million streams across digital streaming platforms and social media services, generating substantial revenue for Defendants while Plaintiff has received no compensation whatsoever.

6. Defendants knowingly exploited the copyrighted work for commercial gain despite industry-wide understanding and custom that copyrighted production and producer interests must be cleared and compensated prior to release.

7. Plaintiff seeks all available remedies under the Copyright Act, including statutory damages, actual damages, disgorgement of profits, attorneys' fees, injunctive relief, and enhanced damages for willful infringement.

JURISDICTION AND VENUE

8. This action arises under the Copyright Act of the United States, 17 U.S.C. §§ 101 et seq.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants transact business in this District, distribute and exploit the Infringing Works within this District, and caused injury to Plaintiff in this District.

PARTIES

11. Plaintiff Justin Goldman is an individual and owner of the copyrighted work at issue through written transfer and assignment.

12. Defendant New 11 LLC ("New 11") is, upon information and belief, a business entity engaged in the commercial exploitation, marketing, monetization, licensing, distribution,

and release of recorded music and derivative audio works.

13. Plaintiff is unaware of the true names and capacities of Defendants sued herein as John Does 1–10 and therefore sues such Defendants by fictitious names. Plaintiff will amend this Complaint when their identities become known.

FACTUAL ALLEGATIONS

14. Plaintiff owns the exclusive rights in and to the copyrighted work "I Love Freaks," including the exclusive rights to reproduce, distribute, publicly perform, license, monetize, prepare derivative works from, and otherwise commercially exploit the copyrighted material.

15. The work is registered with the United States Copyright Office under Registration Number PA 2-554-995 with an effective registration date of November 26, 2025.

16. The registration expressly identifies Denis Smirnov as author and claimant and further identifies transfer rights conveyed by written agreement.

17. Defendants commercially released, distributed, monetized, promoted, licensed, and exploited "I Love Freaks" without authorization from Plaintiff.

18. Defendants additionally exploited remixes, alternate versions, edits, derivative works, and modified versions of the copyrighted work without authorization.

19. Upon information and belief, the Infringing Works collectively generated more than 150 million streams and substantial related revenue through Spotify, Apple Music, YouTube, TikTok, Instagram, and other digital platforms.

20. Defendants knew or should have known that producer clearance and copyright authorization were legally required prior to commercial exploitation of the copyrighted material.

21. Plaintiff provided notice regarding ownership and infringement, yet Defendants continued exploiting and monetizing the Infringing Works.

22. Defendants' infringement was intentional, knowing, reckless, and willful.

23. Defendants profited substantially from the infringement while refusing to compensate Plaintiff for the exploitation of his copyrighted work.

24. Defendants' actions caused Plaintiff substantial monetary damages and irreparable harm.

FIRST CLAIM FOR RELIEF
(Copyright Infringement – 17 U.S.C. § 501)

25. Plaintiff repeats and realleges each and every allegation above.

26. Plaintiff owns valid copyrights in "I Love Freaks" and the protected material at issue in this action.

27. Defendants violated Plaintiff's exclusive rights under 17 U.S.C. § 106 by reproducing, distributing, licensing, monetizing, publicly performing, adapting, exploiting, and commercially releasing the copyrighted work without authorization.

28. Defendants' conduct constitutes willful copyright infringement under the Copyright Act.

29. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered substantial damages.

30. Plaintiff is entitled to recover statutory damages, including enhanced damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2), actual damages, Defendants' profits attributable to the infringement, and all other available relief.

31. Plaintiff is further entitled to recover attorneys' fees and costs pursuant to 17 U.S.C. § 505.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award Plaintiff statutory damages, actual damages, disgorgement of profits, and enhanced damages for willful infringement in an amount no less than $1,000,000;

C. Permanently enjoin Defendants from exploiting "I Love Freaks" and all remixes, edits, alternate versions, and derivative works thereof;

D. Order the impoundment and destruction of infringing materials pursuant to 17 U.S.C. § 503;

E. Award Plaintiff attorneys' fees and costs pursuant to 17 U.S.C. § 505;

F. Award pre-judgment and post-judgment interest; and

G. Grant such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 13, 2026

Respectfully submitted,

Justin Goldman
Plaintiff Pro Se