UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN GOLDMAN,

                              Plaintiff,

            -against-

NEW 11 LLC; JOHN DOES 1-10,

                              Defendants.

26-CV-4022 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION AND ADDRESS

LAURA TAYLOR SWAIN, Chief United States District Judge:

This action was submitted to the court by email and has been assigned the docket number listed above. To proceed with a civil action, a plaintiff must either pay the $405.00 in fees or, to request authorization to proceed without prepayment of fees, submit a signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.[1]

Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or, if Plaintiff is unable to pay such fees, Plaintiff should complete, sign, and submit the attached IFP application. Payment of the fees should be mailed to the following address: United States District Court for the Southern District of New York, Cashiers-Room 260, 500 Pearl Street, New York, NY 10007. Payment of the fees by mail must (1) be made by money order or certified check; (2) be made payable to: Clerk, USDC, SDNY; and (3) include the docket number listed above. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash.

Plaintiff commenced this action without providing an address of record for service. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion,

---

[1] The $405.00 in fees includes a $350.00 filing fee plus a $55.00 administrative fee. (Please check the fee schedule on the website for any updates.)

and other paper must be signed . . . by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a). Moreover, a standing order in this district provides that "[i]t is a party's obligation to provide an address for service . . . ." *In Re: Cases Filed By Pro Se Plaintiffs*, *This Matter Relates To: Duty of Self-Represented Parties to Keep Address Information Current*, No. 24-MC-127 (LTS) (S.D.N.Y. Mar. 18, 2024) ("Standing Order"); *see also Electronic Case Filing Rules*, Rule 8.2 ("Electronically filed documents must include a signature block and must set forth the name, address, telephone number and e-mail address all in compliance with the Federal Rules of Civil Procedure and Local Civil Rule 11.1.").[2]

Plaintiff is directed, within 14 days of the date of this order, either (1) to sign and submit the Notice of Change of Address with a current address or email address, or (2) to consent to accept electronic service of documents in this case.[3] Copies of these forms are attached. If Plaintiff submits the Notice of Change of Address or Consent to Electronic Service, the form must be labeled with docket number 26-CV-3593 (LTS).

No further action will be taken in this case, and no summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice to Plaintiff refiling it.[4]

---

[2] Plaintiff has filed numerous *pro se* actions, and when he filed this action he had already been repeatedly advised that he must provide an address of record. *See*, *e.g.*, *Goldman v. Advance Publications*, *Inc.*, No. 26-CV-0769 (LTS) (S.D.N.Y. Mar. 3, 2026) (ECF 4) ("The Court reiterates this notice that Plaintiff must provide an address for service.").

[3] If Plaintiff consents to accept electronic service, Plaintiff will no longer receive copies by postal mail.

[4] If Plaintiff is unable to provide an address or email address, Plaintiff must nevertheless respond within 30 days and explain any reason why Plaintiff is unable to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

This order will be viewable on the public docket, and the Court directs the Clerk of Court to mail the order to an address used in a recent action, which is 15 West 55th Street, Apt. 5B, New York, NY 10019, and to email the order to the email address from which Plaintiff transmitted his complaint, which is justin@pr1mesound.com.

SO ORDERED.

Dated:    May 21, 2026
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                         Chief United States District Judge

3